### MICHEL v. NUNN, Collector of Internal Revenue.

### STARK v. SAME.

(Circuit Court, M. D. Tennessee. April 28, 1900.)

INTERNAL REVENUE—SPECIAL TAXES—RECTIFIERS OF SPIRITS.
    Under the provision of the internal revenue law (Rev. St. § 3244) which declares that "every person who without rectifying, purifying or refining distilled spirits shall, by mixing such spirits, wine or other liquor with any material manufacture any spurious, imitation or compound liquors for sale under the name of whisky, * * * cordials, or wine bitters, or any

other name, shall be regarded as a rectifier and as being engaged in the business of rectifying," a retail liquor dealer, who mixes whisky with water and sugar, or water and blackberry juice, and keeps the same in stock for sale, is a rectifier, and subject to special tax as such.

Actions against defendant, as collector of internal revenue, to recover back special taxes exacted from plaintiffs as rectifiers of spirits.

John Ruhm, for plaintiffs.

A. M. Tillman, U. S. Atty., for collector.

After hearing the argument of counsel, his honor, Judge C. D. CLARK, charged the jury as follows:

"Now, gentlemen of the jury, you have discovered that in the two cases before you, the facts of which are not disputed, the retail liquor dealer was in the habit of mixing whisky, sugar, and water, and putting that in jugs and bottles, and keeping it in his stock in that form, and selling it, when wanted, as he sold other whiskies and wines in his stock, when called for, by measuring out whatever the customer wanted, whether that was a drink or a small or large bottle. And in the other case the whisky was in like manner kept in stock in bottles, the proof of it reduced by mixing water, and the color restored by blackberry juice. That raises the question whether or not, under the statute, this man became, by this method of doing business, a rectifier, within the statutory definition; not whether he would be a rectifier in the ordinary acceptation of the term, because the statute has undertaken to give its own definition, which may, if congress chooses to give such a definition, differ from the ordinary understanding of what would be a rectifier. This is done in the recognized power of the legislature to classify for the purpose of subjecting the articles to revenue or taxation, and the question raised is whether these parties, suing the government to recover back the sum paid by them as rectifiers, have really conducted their business in such a manner as to subject themselves to the tax imposed on rectifiers. The statute is that: 'Every person who rectifies, purifies, or refines distilled spirits or wines by any process other than by original and continuous distillation from mash, wort, or wash, through continuous closed vessels and pipes, until the manufacture thereof is complete, and every wholesale or retail liquor dealer who has in his possession any still or leach tub, or who keeps any other apparatus for the purpose of refining in any manner distilled spirits.' Rev. St. § 3244, subd. 3. Now, the statute thus enumerates classes who are actually engaged in modes of refining or rectifying, and, after having classified in this way, for the purpose of ascertaining when persons are subject to this tax, the statute passes entirely away from persons actually engaged in any process of distillation or refining, by saying, 'and every person who without rectifying,' going entirely away from those who have been purifying or refining, to the statement, 'every person who without rectifying, purifying or refining distilled spirits.' So there is here clearly the intent to include every person, the act passing to what may be called 'compounding.' Such persons are not rectifying, purifying, or refining, but compounding. 'Shall, by mixing such spirits, wine, or other liquor with any material,' are the words of the statute; 'with any material,' not by mixing wines or liquors of one kind with another, but with 'any material'; and thereby 'manufacture any spurious, imitation, or compound liquors for sale, under the name of whisky, brandy, gin, rum, wine, spirits, cordials, or wine bitters, or any other name, shall be regarded as a rectifier, and as being engaged in the business of rectifying.' Now, it has not been asserted that that language, 'by mixing the liquors with any material,' has any technical or trade meaning, or that its meaning is other than in ordinary use, and, taking it in its ordinary use, in the popular sense, it certainly could not be said that, if it is mixed with either water or sugar or blackberry juice, it is not mixed with any material,—'any material.' And it strikes me that an interpretation that would undertake to say that certain materials are within the statute, and other materials are not within it, when the statute itself

uses the term 'any material,' would nullify the statute. The chief difficulty arises from the fact that the commissioner has not, as I think he undoubtedly has or would have the power to do, made a business regulation which gives effect to his interpretation of the law. I do not think there would be any doubt that he could regulate the mode of doing business, and require the retail liquor dealer, if he mixes with either water or sugar, to pay tax as a rectifier, but he has not exercised this power. We might, then, the more easily determine who is subject to this tax as a rectifier, but, notwithstanding the fact that he has not done so, my opinion is that the mixing here is within the language of the act in the absence of any special or trade meaning that would restrict the sense in which the words 'any material' and other like expressions are used in the statute. Now, if we begin to determine what sort of materials are meant, if we say that water and sugar and blackberry juice and orange juice and lemon juice are not materials within the sense of the act, the trouble is to find a stopping place, and say what will be a material within the meaning of the act. And, notwithstanding that the question is close, my impression is that to hold that 'any material' with which the whisky is mixed is not within the act is judicial legislation. There is not any question of forfeiture here, but the mode of business which may make a man a rectifier. I think, when an effort is made to except out of the terms of the act certain cases upon the ground that the mixing is not important, the act will be rendered nugatory in effect. So, without further comment on the act, I conclude that these persons were subject to the tax, and that the plaintiffs are not entitled to recover, and I direct you to so find."

The foregoing is a substantially correct report of my charge to the jury in the above-styled causes.

CLARK, District Judge.